# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE

| | |
|---|---|
| DORAL BANK PUERTO RICO, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON MUTUAL ASSET ACCEPTANCE CORPORATION, et al.,<br><br>Defendants. | No. 2:09-cv-01557-MJP<br><br><u>CLASS ACTION</u><br><br>GREATER PENNSYLVANIA CARPENTERS PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL<br><br>NOTE ON MOTION CALENDAR: MARCH 12, 2010<br><br>ORAL ARGUMENT REQUESTED |

GREATER PENN CARPENTERS PENSION
FUND'S MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL (2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

Class member and proposed lead plaintiff Greater Pennsylvania Carpenters Pension Fund ("Movant" or "Greater Pennsylvania") respectfully moves this Court for an order: (i) appointing Greater Pennsylvania as lead plaintiff; and (ii) approving Greater Pennsylvania's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as lead counsel and McDermott Newman, PLLC ("McDermott Newman") to serve as local counsel.

## I. PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action brought pursuant to the Securities Act of 1933 (the "Securities Act") as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §77a, *et seq.* and Washington state law, on behalf of all those who purchased or otherwise acquired interests in certain Washington Mutual Mortgage Pass-Through Trusts ("Issuing Trusts") pursuant to or traceable to Registration Statement and Prospectus Supplements issued between March 2007 and June 2007 ("Offering Documents"). These interests were issued by Washington Mutual Asset Acceptance Corporation ("Washington Mutual"), in a series of public offerings of Mortgage Pass-Through Certificates ("Certificates" or "WaMu Certificates") from April 2007 through July 2007 issued by the Issuing Trusts (collectively, the "Offerings" or the "WaMu Offerings").

The first-filed action captioned *Doral Bank Puerto Rico v. Washington Mutual Asset Acceptance Corp., et al.*, Case No. 09-cv-01557 (W.D. Wash.) ("*Doral* Action"), was filed in the United States District Court for the Western District of Washington on October 30, 2009.[1] Thereafter, rather than publish notice as mandated by the PSLRA, Doral Bank Puerto Rico ("Doral")[2], along with lead plaintiffs in a related action captioned *Boilermakers National Annuity*

---

[1]     An Amended Complaint – Class Action – for Violations of Sections 11, 12 and 15 of the Securities Act of 1933 and for Violations of Washington State Law was filed on December 31, 2009. Docket #18. In addition to expanding on the factual allegations, the Amended Complaint named additional parties as defendants, including Moody's Investors Services, Inc. and The McGraw-Hill Companies.

[2]     Doral is the principle banking subsidiary of Doral Financial, a bank holding company organized under the laws of the Commonwealth of Puerto Rico.

506891_1

GREATER PENN CARPENTERS PENSION
FUND'S MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF COUNSEL (2:09-cv-01557-MJP)     - 1 -

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

1   *Trust Fund v. WaMu Mortgage Pass Through Certificates, et al.*, 2:09-cv-00037-MJP (W.D. Wash.)

2   ("*Boilermakers* Action") – which concerns WaMu Certificates issued in 2006 – filed a joint motion

3   to consolidate the *Doral* Action with the separate *Boilermakers* Action.

4         On December 18, 2009, however, the Court denied the motion to consolidate and ordered

5   Doral to publish notice. *See Boilermakers* Action, Docket #118. Notice of the *Doral* Action was

6   then published on December 24, 2009. *See* Declaration of Douglas C. McDermott in Support of

7   Motion for Appointment of Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel

8   ("McDermott Decl."), Ex.A. This Motion is timely filed within 60 days of the publication of this

9   notice. 15 U.S.C. §77z-1(a)(3)(A)(i)(II).

10        By this Motion, Greater Pennsylvania moves this Court for an order: (i) appointing Greater

11   Pennsylvania as lead plaintiff in the above-captioned action pursuant to §27(a)(3)(B) of the

12   Securities Act; and (ii) approving Greater Pennsylvania's selection of the law firm of Coughlin Stoia

13   to serve as lead counsel and McDermott Newman to serve as local counsel.

14        This Motion is made on the grounds that Greater Pennsylvania is the most adequate plaintiff,

15   as defined by the PSLRA. Greater Pennsylvania possesses a significant financial interest in the relief

16   sought by the class as a result of its purchases of WaMu Certificates during the Class Period. *See*

17   McDermott Decl., Ex. B. Importantly, Greater Pennsylvania also *satisfies* the requirements of Rule

18   23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative

19   class and it will fairly and adequately represent the interests of the class.

20   **II.    FACTUAL BACKGROUND**

21        This action arises from the role of Washington Mutual and its affiliates in originating or

22   acquiring and then converting thousands of mortgage loans, mainly subprime first-lien hybrid

23   adjustable rate loans with an initial fixed-rate period, into approximately $15.5 billion of purportedly

24   "investment grade" mortgage-backed securities ("MBS"), which were then sold to the class in a

25

26

GREATER PENN CARPENTERS PENSION
FUND'S MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF COUNSEL (2:09-cv-01557-MJP)    - 2 -

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

series of 13 public Offerings made pursuant to the Offering Documents.[3] The value of the Certificates was directly tied to the value of the underlying mortgages, as well as the repayment of the underlying mortgages by borrowers since the principal and interest payments due to investors were secured and derived from borrower payments.

These WaMu Certificates were supported by large pools of mortgage loans generally secured by first liens on residential properties, including conventional, adjustable rate and negative amortization mortgage loans. The Offering Documents included material misstatements and/or omissions concerning, among other things: (i) the underwriting standards purportedly used in connection with the origination of the underlying mortgage loans; (ii) the maximum loan-to-value ratios used to qualify borrowers; (iii) the appraisals of properties underlying the mortgage loans; and (iv) the debt-to-income ratios permitted on the loans. As a result of the alleged misstatements and omissions, the Certificates were secured by assets that had a much greater risk profile than represented in the Offering Documents, and the Nationally Recognized Statistical Ratings Organizations (the "NRSRO" or "Ratings Agencies") assigned superior credit ratings to the Certificates as a result of defendants' failure to disclose the underwriting defects and appraisal manipulations.

By late 2008 and into early 2009, the amount of uncollectible mortgage loans securing the Certificates began to be revealed to the public, and the Rating Agencies began to put negative watch labels on numerous Certificate classes, ultimately downgrading many significantly. The delinquency

---

[3] The thirteen Offerings involved in this Action include the following: WaMu Mortgage Pass-Through Certificates Series 2007-OA4 Trust; WaMu Mortgage Pass-Through Certificates Series 2007-OA5 Trust; WaMu Mortgage Pass-Through Certificates Series 2007-OA6 Trust; WaMu Mortgage Pass-Through Certificates Series 2007-HY5 Trust; WaMu Mortgage Pass-Through Certificates Series 2007-HY6 Trust; WaMu Mortgage Pass-Through Certificates Series 2007-HY7 Trust; WMALT Mortgage Pass-Through Certificates Series 2007-OA4 Trust; WMALT Mortgage Pass-Through Certificates Series 2007-OA5 Trust; WMALT Mortgage Pass-Through Certificates Series 2007-OC1 Trust; WMALT Mortgage Pass-Through Certificates Series 2007-OC2 Trust; WMALT Mortgage Pass-Through Certificates Series 2007-1 Trust; WMALT Mortgage Pass-Through Certificates Series 2007-2 Trust; and WMALT Mortgage Pass-Through Certificates Series 2007-3 Trust.

506891_1

GREATER PENN CARPENTERS PENSION
FUND'S MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF COUNSEL (2:09-cv-01557-MJP)          - 3 -

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

and foreclosure rates of the mortgage loans securing the Certificates have sky-rocketed. As a result, the Certificates have declined precipitously in value.

## III. ARGUMENT

### A. Greater Pennsylvania Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §77z-1(a)(3)(A)(i). Plaintiff in the *Doral* Action caused notice of the pendency of this action to be published on *Business Wire*, a national, business-oriented newswire service, on December 24, 2009. *See* McDermott Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§77z-1(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §77z-1(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; *and*

GREATER PENN CARPENTERS PENSION
FUND'S MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF COUNSEL (2:09-cv-01557-MJP)    - 4 -

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

(cc) *otherwise satisfies the requirements of Rule 23* of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii) (emphasis added).

### 2. Greater Pennsylvania Should be Appointed Lead Plaintiff

The time period in which a member of the class may move to be appointed lead plaintiff expires on February 22, 2010. 15 U.S.C. §77z-1(a)(3)(A), (B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on December 24, 2009), Greater Pennsylvania timely moves this Court to be appointed lead plaintiff on behalf of all members of the class.

Under the PSLRA, the Court shall appoint as lead plaintiff the member of the purported class that the court determines to be "the most capable of adequately representing the interests of the class members." 15 U.S.C. §77z-1(a)(3)(B)(i). Here, Greater Pennsylvania is the most capable of adequately representing the interests of the class. Greater Pennsylvania has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class. *See* McDermott Decl., Ex. B. In addition, Greater Pennsylvania has selected and retained competent counsel to represent them and the class. *See* McDermott Decl., Ex. D. Moreover, unlike Doral, Greater Pennsylvania is not plagued with conflicts and unique defenses such that the class will be prejudiced. Accordingly, Greater Pennsylvania has satisfied the individual requirements of 15 U.S.C. §77z-1(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff and selection of counsel considered and approved by the Court.

#### a. Greater Pennsylvania Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* McDermott Decl., Ex. B, Greater Pennsylvania purchased a significant number of WaMu Certificates with a face amount of approximately $450,000 in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby. *Id.* As a result, Greater Pennsylvania incurred a substantial loss on its transactions in WaMu Certificates. *Id.*

506891_1

GREATER PENN CARPENTERS PENSION
FUND'S MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF COUNSEL (2:09-cv-01557-MJP)      - 5 -

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

Greater Pennsylvania thus has a significant financial interest in this case, and to the best of its knowledge, possesses the largest financial interest of any class member who otherwise satisfies the requirements of Rule 23. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (providing that a movant is not the presumptively most adequate plaintiff unless it both possesses the largest financial interest and satisfies Rule 23's typicality and adequacy requirements).[4] Therefore, Greater Pennsylvania satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff and should be appointed lead plaintiff pursuant to 15 U.S.C. §77z-1(a)(3)(B).

### b. Greater Pennsylvania Otherwise Satisfies Rule 23

According to 15 U.S.C. §77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23 provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a).

---

[4] While Doral may claim a larger financial interest, it cannot be appointed as a lead plaintiff because it does not satisfy Rule 23's typicality and adequacy requirements and it is subject to unique defenses. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii)(I), (II). For example, Doral was itself embroiled in a mortgage fraud similar to that alleged here. *See, e.g., In re Doral Fin. Corp. Sec. Litig.*, Case No. 1:05-md-01706, Docket #55 (S.D.N.Y. June 22, 2006) (amended complaint for violations of the federal securities laws based, in part, on Doral's concealment of losses stemming from the sale of more than $4 billion of fixed rate non-conforming mortgages); *see also* McDermott Decl., Ex. C (discussing ***FBI investigation of Doral for subprime mortgage fraud***). Additionally, the substantial overlap in senior mortgage and home loan employees across the polluted subprime mortgage industry, including overlap among WaMu and Doral executives creates conflicts and subjects Doral to unique defenses which preclude its appointment as a fiduciary for the class. *See, e.g.*, McDermott Decl., Ex. D (discussing recruitment of former Washington Mutual and Countrywide treasurer to serve as Doral treasurer). Doral cannot make the required showing under Rule 23 here, and thus simply cannot be appointed as lead plaintiff.

506891_1

GREATER PENN CARPENTERS PENSION
FUND'S MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF COUNSEL (2:09-cv-01557-MJP)     - 6 -

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

1    Of the four prerequisites to class certification, only two – typicality and adequacy – directly

2  address the personal characteristics of the class representative.  Consequently, in deciding a motion

3  to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of

4  Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for

5  class certification.  *See Crawford v. Onyx Software Corp.*, No. C01-1346L, 2002 U.S. Dist. LEXIS

6  1101, at *5 (W.D. Wash. Jan. 10, 2002).  Greater Pennsylvania satisfies both the typicality and

7  adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

8     Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of

9  those of the class.  The typicality requirement is satisfied when the "applicant's claims arise from the

10  same event or course of conduct which gave rise to the claims of the class members, and are founded

11  on the same legal theory."  *Schonfield v. Dendreon Corp.*, No. C07-800MJP, 2007 U.S. Dist. LEXIS

12  76816, at *10 (W.D. Wash. Oct. 4, 2007).  Typicality does not require that there be no factual

13  differences between the class representatives and the class members because it is the generalized

14  nature of the claims asserted which determines whether the class representatives are typical.

15    Greater Pennsylvania satisfies this requirement because, just like all other class members, it:

16  (1) purchased WaMu Certificates during the Class Period; (2) purchased WaMu Certificates in

17  reliance upon the allegedly materially false and misleading statements issued by defendants; and (3)

18  suffered damages thereby.  Thus, Greater Pennsylvania's claim is typical of those of other class

19  members since its claim and the claims of other class members arise out of the same course of

20  events.

21    Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the

22  interests of the class."  "[I]t must be demonstrated that: (1) the proposed lead plaintiff's interests are

23  in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's counsel

24  are qualified, experienced and generally able to conduct the litigation."  *Schonfield*, 2007 U.S. Dist.

25  LEXIS 76816, at *11.

26

506891_1
GREATER PENN CARPENTERS PENSION
FUND'S MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF COUNSEL (2:09-cv-01557-MJP)    - 7 -

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA  98154
Telephone: 206/684-9463 • Fax: 206/749-9467

Here, unlike Doral, Greater Pennsylvania is an adequate representative of the class. As evidenced by the injuries suffered by Greater Pennsylvania, which purchased WaMu Certificates at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Greater Pennsylvania are clearly aligned with the members of the class, and there is no evidence of any antagonism between Greater Pennsylvania's interest and those of the other members of the class. Further, Greater Pennsylvania has retained competent and experienced counsel to prosecute these claims. As shown below, Greater Pennsylvania's proposed counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Greater Pennsylvania *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

### 3. The Court Should Approve Greater Pennsylvania's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). The court should not disturb lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa); *see Cavanaugh*, 306 F.3d at 733 n.11 ("the district court must approve the lead plaintiff's choice of counsel, but Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class"). Greater Pennsylvania has selected Coughlin Stoia as lead counsel for the class and McDermott Newman as local counsel.

Coughlin Stoia is actively engaged in complex litigation emphasizing securities, consumer and antitrust class actions. *See* McDermott Decl., Ex. E. Coughlin Stoia possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *Id.* Coughlin Stoia's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive

506891_1

GREATER PENN CARPENTERS PENSION
FUND'S MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF COUNSEL (2:09-cv-01557-MJP)     - 8 -

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

the highest caliber of legal representation available from Coughlin Stoia. *Id.* Accordingly, the Court should approve Greater Pennsylvania's selection of counsel.

## IV.    CONCLUSION

For all the foregoing reasons, Greater Pennsylvania respectfully requests that the Court: (i) appoint Greater Pennsylvania as Lead Plaintiff in this action; and (ii) approve its selection of counsel.

DATED:  February 22, 2010                    Respectfully submitted,

McDERMOTT NEWMAN, PLLC
DOUGLAS C. McDERMOTT

_____s/ DOUGLAS C. McDERMOTT_____
DOUGLAS C. McDERMOTT

1001 Fourth Avenue, Suite 3200
Seattle, WA  98154
Telephone:  206/684-9463
206/749-9467 (fax)

[Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
BRIAN O. O'MARA
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

506891_1

GREATER PENN CARPENTERS PENSION
FUND'S MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF COUNSEL (2:09-cv-01557-MJP)          - 9 -

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA  98154
Telephone: 206/684-9463 • Fax: 206/749-9467

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 22, 2010.

s/ DOUGLAS C. McDERMOTT
DOUGLAS C. McDERMOTT

McDERMOTT NEWMAN, PLLC
DOUGLAS C. McDERMOTT
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
Telephone: 206/684-9463
206/749-9467 (fax)
E-mail: doug@mcdermottnewman.com

506891_1

GREATER PENN CARPENTERS PENSION
FUND'S MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF COUNSEL (2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

# Mailing Information for a Case 2:09-cv-01557-MJP

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com,jregan@ssbb.com

- **Larry Steven Gangnes**
  gangnesl@lanepowell.com,sebringl@lanepowell.com,docketing-sea@lanepowell.com,donnellyjossm@lanepowell.com

- **Christopher M Huck**
  Christopher.huck@dlapiper.com,karen.hansen@dlapiper.com

- **Stellman Keehnel**
  stellman.keehnel@dlapiper.com,patsy.howson@dlapiper.com

- **Joel P Laitman**
  jlaitman@cohenmilstein.com

- **Christopher E Lometti**
  clometti@cohenmilstein.com

- **Bradley T. Meissner**
  bradley.meissner@dlapiper.com

- **Nancy A Pacharzina**
  npacharzina@tousley.com,kzajac@tousley.com

- **Daniel B Rehns**
  drehns@cohenmilstein.com

- **Kenneth M Rehns**
  krehns@cohenmilstein.com

- **Rogelio Omar Riojas**
  omar.riojas@dlapiper.com,nina.marie@dlapiper.com

- **Joshua M. Rubins**
  jrubins@ssbb.com,managingclerk@ssbb.com,jregan@ssbb.com

- **Kim D Stephens**
  kstephens@tousley.com,kzajac@tousley.com,cbonifaci@tousley.com

- **Steven J Toll**

stoll@cohenmilstein.com,efilings@cohenmilstein.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)