UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DORAL BANK PUERTO RICO, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL ASSET ACCEPTANCE CORPORATION; DAVID BECK; DIANE NOVAK; THOMAS LEHMANN; STEPHEN FORTUNATO; DONALD WILHELM  WAMU CAPITAL CORPORATION; MOODY'S INVESTORS SERVICES, INC.; THE MCGRAW-HILL COPMANIES, INC.; FIRST AMERICAN CORPORATION and FIRST AMERICAN EAPPRAISEIT, LLC,<br><br>Defendants. | **Case No.: C09-1557 (MJP)**<br><br><br><br><br><br>**SET FOR HEARING:**<br>**March 18, 2010, 10:00 a.m.** |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF APPOINTMENT OF DORAL BANK PUERTO RICO AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND IN OPPOSITION TO THE COMPETING MOTION SUBMITTED BY THE GREATER PENNSYLVANIA CARPENTERS PENSION FUND**

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT ...................................................................................................................... 2

    A.    Doral Bank is the Presumptive Lead Plaintiff ............................................................ 2

    B.    Unsubstantiated Allegations of Conflicts Are Not
          Sufficient to Rebut the Lead Plaintiff Presumption ................................................... 3

III. CONCLUSION .................................................................................................................. 7

# TABLE OF AUTHORITIES

**CASES**                                                                                                    Page(s)

*Beale v. EdgeMark Fin. Corp.*,
   164 F.R.D. 649 (N.D. Ill. 1995)..................................................................................6

*Ferrari v. Impath, Inc.*,
   No. 03 Civ. 5667, 2004 WL 1637053 (S.D.N.Y. July 20, 2004) ..............................4

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ......................................................................................4

*Schonfield v. Dendren Corp..*,
   No. 07-800 (MJP), 2007 U.S. Dist. LEXIS 76816 (W.D. Wash. Oct. 4, 2007). ..........3, 4, 5, 6

*Sczesny Trust v. KPMG LLP*,
   223 F.R.D. 319 (S.D.N.Y. 2004) ................................................................................4

*Weinberg v. Atlas Air Worldwide Hldgs., Inc.*,
   216 F.R.D 248 (S.D.N.Y. 2003) .................................................................................5

**STATUTES, RULES AND REGULATIONS**

15 U.S.C. § 78u-4(a)(3)(B)(iii)...........................................................................................2, 4

In accordance with the Court's Order dated February 23, 2010,[1] Plaintiff Doral Bank Puerto Rico ("Doral Bank") respectfully submits this memorandum of law in further support of its motion for appointment of Lead Plaintiff and approval of its selection of Lead Counsel, and in opposition to the competing motion submitted by the Greater Pennsylvania Carpenters Pension Fund (the "PA Carpenters") and their counsel, Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia").

## I. INTRODUCTION

It is undisputed that Doral Bank's financial interest in the relief sought by the proposed Class herein dwarfs that of the PA Carpenters: Doral Bank invested over $400 million in the mortgage pass-through certificates at issue in this Action and the action captioned *Boilermakers National Annuity Trust Fund v. WaMu Mortgage Pass-Through Certificates, Series 2006-AR1*, C09-0037-MJP (the "*Boilermakers* Action"); while the PA Carpenters invested only $450,000. *See* Certification of Doral Bank Puerto Rico, annexed as Exhibit B to the Declaration of Christopher Lometti in Support dated February 22, 2010 ("Lometti Decl."), Dkt. No. 28; Certification of PA Carpenters, annexed as Exhibit B to the Declaration of Douglas C. McDermott in Support dated February 22, 2010 ("McDermott Decl."), Dkt. No. 30. And, as amply shown in Doral Bank's opening motion for appointment as lead plaintiff (Dkt. No. 27), Doral Bank and its claims satisfy the requirements of Rule 23. As such, Doral Bank is the presumptive lead plaintiff pursuant to the PSLRA.

The PA Carpenters have not produced any facts or evidence to rebut Doral Bank's status of the presumptive lead. First, PA Carpenters does not even assert, nor could it, that Doral and

---

[1] The Court's February 23, 2010, Order provides that in lieu of response and reply briefs, "each responding party . . . . shall file a single response brief . . . . that provides a combined analysis of the issues presented in both motions." Minute Order, February 23, 2010, Dkt. No. 31.

MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL
OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

1

its claims are not typical of those of the proposed Class. Instead, it attempts to challenge the Bank's adequacy under Rule 23, by directing the Court's attention to the following irrelevant and misleading set of facts:

- Doral Financial Corporation ("Doral Corp."), Doral Bank's parent company, was a defendant in a securities class action lawsuit alleging violations of internal accounting rules and valuations during the period of 2000 to 2005;

- A former Doral Corp. executive who resigned over four and a half years ago was indicted for his role in the aforementioned alleged fraud; and,

- Doral Corp. hired a former Countrywide executive in 2006 to serve as Doral Corp.'s Treasurer, who, until 2003, had been employed at Washington Mutual, Inc.

None of these facts, however, constitutes evidence that Doral Bank's interest here is in conflict with the interests of the class members it seeks to represent or that it may be subject to unique defenses which could make the Bank an inadequate lead plaintiff under Rule 23. As a result, this Court should reject the PA Carpenters rebuttal, appoint Doral Bank lead Plaintiff and accept its selection of highly qualified counsel as lead counsel for Plaintiff and the putative class.

## II. ARGUMENT

### A. Doral Bank is the Presumptive Lead Plaintiff

The Private Securities Litigation Reform Act ("PSLRA") dictates the process for appointment of a lead plaintiff in a securities class action, which states:

> (I) In general. Subject to subclause (II), for purposes of clause (i), the court ***shall*** adopt a presumption that the most adequate plaintiff in any private action arising under this title [15 USCS §§ 78a et seq.] is the person or group of persons that—
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

Here, it is undisputed that Doral Bank is the movant with the largest financial interest in the litigation. In fact, its financial interest is almost nearly *10 times* greater than that of the PA Carpenters. Further, there is no dispute that Doral Bank satisfies the typicality requirement of Rule 23 in that its "claims arise from the same event or course of conduct which gave rise to the claims of the class members, and are founded on the same legal theory." *Schonfield v. Dendreon Corp.*, No. 07-800 (MJP), 2007 U.S. Dist. LEXIS 76816, at *10 (W.D. Wash. Oct. 4, 2007).

To satisfy Rule 23's "adequacy," requirement, Doral must demonstrate only that: (1) its interests are in common with, and not antagonistic to, those of the proposed class; and (2) its counsel are qualified, experienced and generally able to conduct the litigation.[2] *See Schonfield*, 2007 U.S. Dist. LEXIS 76816, at *11 (*citing Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)). Here, Doral Bank's interests in prosecuting this litigation are identical to those of the other class members - namely, to obtain appropriate relief for Defendants' participation in materially misleading statements and omissions in connection with the issuance of billions of dollars of mortgage-backed securities sold to the Class. Therefore, Doral Bank is the presumptive lead plaintiff under the statute.

**B. Unsubstantiated Allegations of Conflicts Are Not Sufficient to Rebut the Lead Plaintiff Presumption**

Once the Court has determined the presumptive lead plaintiff, the PSLRA provides that "other plaintiffs may present *evidence* that disputes the lead plaintiff's prima facie showing of ....

---

[2] Proposed lead counsel, Cohen Milstein, has ample experience in securities class action litigation. However, it should be noted that two minor inaccuracies contained in its initial memorandum of law in support of appointment of lead plaintiff and approval of lead counsel (Dkt. No. 27) need to be clarified. First, with respect *In re Lucent Technologies Securities Litigation*, No. 00-cv-621 (D.N.J.), Cohen Milstein served as counsel for co-lead plaintiff, however, was not appointed lead counsel by the court. In addition, Cohen Milstein did not serve as lead counsel for lead plaintiff in the *In re Proquest Securities Litigation*, 06-cv-10619 (E.D. Mich.). Doral Bank Memorandum in Support, at 12.

adequacy." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (emphasis added). *See also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The PSLRA makes clear that in order to overcome the hurdle of rebutting the lead plaintiff presumption, evidentiary proof of inadequacy must be presented:

> (II) Rebuttal evidence. The presumption described in subclause (I) may be rebutted only upon ***proof*** by a member of the purported plaintiff class that the presumptively most adequate plaintiff -
> (aa) ***will not*** fairly and adequately protect the interests of the class; or
> (bb) ***is*** subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).

In this case, the PA Carpenters' attack on Doral Bank's adequacy under Rule 23 is without substance and thus fails to rebut Doral Bank's status as presumptive lead plaintiff. In support of its argument, the PA Carpenters baldly asserts that Doral Bank is "plagued with conflicts and unique defenses such that the class will be prejudiced." PA Carpenters Memo at 5. Such conclusory assertions of a potential conflict, without specific supportive evidence, however, are insufficient to rebut the statutory presumption in favor of the "most adequate plaintiff," which, in this case, goes to Doral Bank. *See Schonfield*, 2007 U.S. Dist. LEXIS 76816, at *12-13; *see also, Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004) (citing *Sofran v. LaBranche & Co. Inc.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004)) (emphasizing that the PSLRA requires proof of inadequacy and not merely speculations). Furthermore, mere conjecture and fanciful drawings are not sufficient to rebut the presumption that Doral Bank is the most adequate plaintiff under the PSLRA, which requires ***proof*** to rebut that presumption. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Ferrari v. Impath, Inc.*, No. 03 Civ. 5667, 2004 WL 1637053, at *6 (S.D.N.Y. July 20, 2004) ("innuendo and inferences" are insufficient to rebut presumption). Should an actual conflict arise, subclasses or separate representatives would

be appropriately appointed, if necessary, at a later stage of the litigation. *See Weinberg v. Atlas Air Worldwide Hldgs., Inc.,* 216 F.R.D 248, 254 (S.D.N.Y. 2003).

The gravamen of the PA Carpenters' argument is that Doral Corp., Doral Bank's parent Company, was the subject of a securities fraud lawsuit in 2005 (the "2005 Securities Litigation"), which PA Carpenters wrongly assert involved "a mortgage fraud similar to that alleged here," and that Doral was the target of an FBI investigation in 2008 related to subprime mortgage fraud. *See* PA Carpenters Memorandum of Law in Support ("PA Carpenters Memo") at 6.

The allegations underlying the 2005 Securities Litigation were substantively and materially different from those at issue in this action. In the 2005 Securities Litigation, certain directors of the company, who have since resigned or have been terminated, were alleged to have engaged in improper accounting practices with respect to Doral Corp.'s public earnings, specifically improperly recording for certain portions of interest to be paid on mortgages sold by the company – known as an interest-only strips ("IO Strips") – as a gain on the sale of the mortgages. *See* Declaration of Steven J. Toll in Further Support ("Toll Decl."), Ex. A  In contrast, the allegations here involve Defendants' participation in issuing and selling mortgage pass-through Certificates with materially misleading Offering Documents. *See* Lometti Decl., Ex. D.[3] The 2005 Securities Litigation does not constitute a sufficient "evidentiary basis" that Doral Bank's interests in prosecuting this litigation are somehow different from those of proposed class members. *See Schonfield,* 2007 U.S. Dist. LEXIS 76816, at *11-13.

---

[3] The PA Carpenters also points out to the Court that Doral Corp. was identified as the subject of a subprime mortgage-related investigation by the FBI in 2008. *See* McDermott Decl., Ex. C. However, it fails to inform the Court that the investigation led to the indictment of a single *former* executive of Doral Corp., who resigned in August 2005, for his role in the aforementioned alleged securities fraud. *See* Toll Decl., Ex. B. Furthermore, there is no basis to conclude that the mere existence of a federal investigation disqualifies an entity from serving in leadership roles under the PSLRA – especially when the investigation results in findings of guilt or liability to lie with the entity's *former* management or partners.

The PA Carpenters also make the conclusory assertion that Doral Corp.'s hiring of Marangal I. Domingo ("Domingo") in 2006 is evidence of a conflict of interest and circumstances which "subject[s] Doral to unique defenses which preclude its appointment as a fiduciary for the class." *See* PA Carpenters Memo at 6; McDermott Decl., Ex. D. The PA Carpenters however, fail to present any evidence that Mr. Domingo's role at Washington Mutual, Inc., which terminated when he left there in 2003 and his role at Doral Corp., which did not commence until 2006, affected Doral Banks' decision to purchase the certificates at issue in this Litigation. As is made clear in the accompanying Declaration of Enrique R. Ubarri-Baragano ("Baragano Decl."), Mr. Domingo is no longer employed by Doral Corp., having left in March 2009. Baragano Decl., at 4.

The law in this jurisdiction is well-settled. The fact that a plaintiff, or in this case a former employee of the parent of the plaintiff, was employed in the industry in which defendants conduct business is combined only with unsubstantiated allegations that he "may be" tainted in "some way" by unspecified insider knowledge is insufficient to demonstrate the plaintiff is inadequate to represent the interests of the class and its members. *See Schonfield*, 2007 U.S. Dist. LEXIS 76816, at *12-13 (in a securities class action alleging claims against biotech company, "the fact that [movant had] professional and investment experience in the biotechnology industry [was] insufficient to raise serious questions about .... typicality or adequacy."); *see also, Beale v. EdgeMark Fin. Corp.*, 164 F.R.D. 649, 656 (N.D. Ill. 1995) ("Speculation regarding access to non-public information, in the absence of any allegations or evidence of such information does not impact on the issue of reliance.").

## III. CONCLUSION

Doral Bank, whose financial interest in this case dwarfs that of the PA Carpenters, through its choice of experienced counsel, will adequately represent the interests of all class members in this case. PA Carpenters has not demonstrated otherwise. Therefore, and for the reasons stated above, Doral Bank respectfully submits that the Court should reject the PA Carpenters' motion to be appointed as lead plaintiff and enter the previously submitted Proposed Order appointing Doral Bank as Lead Plaintiff and approving the Bank's choice of counsel, Cohen Milstein, as Lead Counsel in the Action.

**DATED:** March 8, 2010

Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

/s/ Christopher Lometti
Christopher Lometti (*pro hac vice*)
Joel P. Laitman (*pro hac vice*)
Daniel B. Rehns (*pro hac vice*)
Kenneth M. Rehns
150 East 52nd Street, 30th Floor
New York, NY 10022
Tel: 212-838-7797
Fax: 212-838-7745
*clometti@cohenmilstein.com*
*jlaitman@cohenmilstein.com*
*drehns@cohenmilstein.com*
*krehns@cohenmilstein.com*

Steven J. Toll
Julie Reiser, WSBA #27485
1100 New York Ave, N.W.
Suite 500 West
Washington D.C. 20005
Tel: 202-408-4600
Fax: 202-408-4699
*stoll@cohenmilstein.com*
*jreisner@cohenmilstein.com*

*Proposed Lead Counsel*

MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL
OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

7

**TOUSLEY BRAIN STEPHENS PLLC**

/s/ Nancy A. Pacharzina
Kim D. Stephens, WSBA #11984
Nancy A. Pacharzina, WSBA #25946
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101-4416
Tel: 206-682-5600
Fax: 206-682-2992
*kstephens@tousley.com*
*npacharzina@tousley.com*

*Proposed Liaison Counsel*

# CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all interested parties.

/s/ Nancy A. Pacharzina
Kim D. Stephens, WSBA #11984
Email: kstephens@tousley.com
Nancy A. Pacharzina, WSBA #25946
Email: npacharzina@tousley.com
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tele: 206.682.5600
Fax: 206.682.2992

*Proposed Liaison Counsel*

MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL
OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

9