THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| DORAL BANK PUERTO RICO, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON MUTUAL ASSET ACCEPTANCE CORPORATION, et al.,<br><br>Defendants. | No. 2:09-cv-01557-MJP<br><br><u>CLASS ACTION</u><br><br>GREATER PENNSYLVANIA CARPENTERS PENSION FUND'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO THE COMPETING MOTION<br><br>NOTE ON MOTION CALENDAR:<br>March 18, 2010 at 10:00 a.m.<br><br>HEARING/ORAL ARGUMENT |

GREATER PENNSYLVANIA CARPENTERS
PENSION FUND'S MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

508110_1

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ....................................................................................................................1

II. ARGUMENT ..........................................................................................................................4

    A. Doral Bank Should Not Be Appointed as Lead Plaintiff.........................................4

        1. Doral Bank Does Not Satisfy the Requirements of Rule 23 and Has Not Triggered the PSLRA's "Most Adequate Plaintiff" Presumption ...................................................................................................4

        2. Doral Bank Suffers from Debilitating Conflicts of Interest Which Preclude Its Appointment ........................................................................7

    B. Greater Pennsylvania Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff..........................................................................................8

III. CONCLUSION .......................................................................................................................9

GREATER PENNSYLVANIA CARPENTERS
PENSION FUND'S MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

- i -

Class member and proposed lead plaintiff Greater Pennsylvania Carpenters Pension Fund ("Movant" or "Greater Pennsylvania") respectfully submits this memorandum of law in further support of its motion for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in the above-referenced action, and in opposition to the competing motion submitted by Doral Bank Puerto Rico ("Doral Bank").

## I. INTRODUCTION

Presently pending before this Court are two motions for appointment as lead plaintiff and approval of lead plaintiff's selection of counsel. In addition to Greater Pennsylvania's motion, Doral Bank has filed a motion seeking appointment as lead plaintiff.[1]

Pursuant to the PSLRA, the Court is instructed to appoint as lead plaintiff the person or persons with the largest financial interest in the outcome of the litigation that otherwise satisfy the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). The PSLRA also requires the Court to appoint only those applicants that can fairly and adequately represent the class and are not subject to unique defenses. 15 U.S.C. §77z-1(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002). Specifically, the PSLRA provides that, in determining the "most adequate plaintiff":

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;

---

[1] Doral Bank is the principle banking entity of Doral Financial Corporation ("Doral Financial") (collectively, with Doral Bank, "Doral"). Through Doral Bank and Doral Bank's wholly-owned subsidiary Doral Mortgage, Doral Financial accepts deposits from the general public and institutions, obtains borrowings, originates and invests in loans (primarily residential real estate mortgage loans), invests in mortgage-backed securities as well as in other investment securities, and offers traditional banking services. Approximately 93% of Doral Bank's loan portfolio is secured by real estate and, like Washington Mutual, Doral Bank's residential mortgage loans, which are supplemented by wholesale loan purchasers from third parties, are securitized and sold on the secondary market. *See* Declaration of Brian O. O'Mara in Support of Greater Pennsylvania Carpenters Pension Fund's Memorandum of Law in Further Support of Its Motion for Appointment as Lead Plaintiff and in Opposition to the Competing Motion ("O'Mara Decl."), Ex. 1 (Doral Fin. Corp. Form 10-K for the year ended December 31, 2009, Part I) at 3-4.

GREATER PENNSYLVANIA CARPENTERS
PENSION FUND'S MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

- 1 -

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; ***and***

(cc) ***otherwise satisfies the requirements of Rule 23*** of the Federal Rules of Civil Procedure.

15 U.S.C. 77z-1(a)(3)(B)(iii).[2]  *See* Notice of Motion and Memorandum of Law in Support of Appointment of Doral Bank Puerto Rico as Lead Plaintiff and Approval of Its Selection of Lead Counsel ("Doral Mem.") (Docket #27) at 2 (recognizing that before being appointed as lead plaintiff, movant must "satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure 23").

If the Court were to solely consider the movants' claimed "financial interest," Doral Bank would appear well-positioned to argue it should be presumed to be the "most adequate plaintiff." However, the PSLRA "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by the class' satisfies the typicality and adequacy requirements." *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001). "[A] movant's financial interest is just a beginning point, and courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class." *In re Cable & Wireless*, *PLC, Sec. Litig.*, 217 F.R.D. 372, 377 (E.D. Va. 2003); *see In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343 (D. Md. 2003) (reasoning that lead plaintiff will be determined on factors other than financial interest).

Here, Doral Bank fails to satisfy Rule 23's typicality and adequacy requirements and should not be appointed lead plaintiff. Not only is Doral Bank an "insider" in the subprime mortgage and securitization markets (as it was in 2007 when the WaMu Certificates were issued, *see, e.g.*, Docket #18, ¶1), but Doral itself has been the target of numerous investigations centered on its own improper subprime mortgage and accounting practices which are similar to those at issue here.

---

[2] Unless otherwise noted, all emphasis is added and citations are omitted.

GREATER PENNSYLVANIA CARPENTERS
PENSION FUND'S MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

- 2 -

508110_1

*Infra*, §II.A.1. In fact, Doral's treasurer, Mario S. Levis, was indicted on securities fraud and wire fraud charges relating to his role in allegedly manipulating the Company's accounting related to Doral's own mortgage pass-through securities. *Id*. Compounding these problems and highlighting Doral Bank's inability to "otherwise satisfy[y] the requirement of Rule 23," several Doral senior insiders, including former Doral director Frank W. Baier and current Doral treasurer Marangal I. Domingo, are former Washington Mutual executives and potential fact witnesses in this case.[3] *Infra*, §II.A.2. At a minimum, these defects and conflicts render Doral Bank "subject to" unique defenses which may prove prejudicial to the class and would most assuredly be exploited by capable defense counsel to the detriment of the class if Doral was appointed lead plaintiff. *See In re Bally Total Fitness Sec. Litig.*, No. 04 C 3530, 2005 U.S. Dist. LEXIS 6243, at *19 (N.D. Ill. Mar. 15, 2005) ("the PSLRA . . . provides that we ask simply whether [a movant] is likely to be 'subject to' [unique defenses] . . . [not that] the defense is likely to succeed").

By contrast, Greater Pennsylvania – a pension fund overseen by a board of trustees experienced in PSLRA actions – has the largest financial interest in the relief sought by the class of any movant which "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). And, unlike Doral, Greater Pennsylvania has not been linked to misconduct similar to that which the class alleges Washington Mutual engaged. Nor will Greater Pennsylvania burden the class with a representative which is subject to unique defenses. In the end, Greater Pennsylvania is the most adequate plaintiff and should be appointed Lead Plaintiff. Doral Bank's motion should be denied.

---

[3] As a former Washington Mutual insider, Mr. Baier is likely to have had access to insider information as well as confidential and/or proprietary information. *See In re Michaels Stores, Inc. Sec. Litig.*, No. 3:03-CV-0246-M, slip. op at 4 (N.D. Tex. Oct. 24, 2003) (finding that the movant with the largest financial interest – a former employee who had access to defendant's non-public information – was subject to unique defenses and therefore not appropriately appointed to represent the class). O'Mara Decl., Ex. 2.

GREATER PENNSYLVANIA CARPENTERS
PENSION FUND'S MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

- 3 -

508110_1

## II. ARGUMENT

The PSLRA directs courts to appoint as lead plaintiff the movant which is "most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Courts have an "'obligation to appoint as lead plaintiff the member or members of the purported plaintiff class who are "most capable of representing the interests of the class members."'" *Pirelli Armstrong Tire Corp. Retiree Med. Benefits v. LaBranche & Co.*, 229 F.R.D. 395, 407 (S.D.N.Y. 2001). *See Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1313 (M.D. Fla. 2000) ("the PSLRA provides certain guidelines for identifying the plaintiff or plaintiffs who are the most strongly aligned with the class of shareholders"). The "'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case," but only "*so long as* he meets the requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729; *Cendant*, 264 F.3d 201; 15 U.S.C. §77z-1(a)(3)(B)(iii)(I). "If (*for any reason*) the court determines that the movant with the largest losses cannot make a threshold showing of typicality or adequacy, then the court should . . . disqualify that movant from serving as lead plaintiff." *Cendant*, 264 F.3d at 267; *Cavanaugh*, 306 F.3d at 730. *See, e.g., Baydale v. Am. Express Co.*, No. 09 Civ. 3016 (WHP) 2009 U.S. Dist. LEXIS 71668 (S.D.N.Y. Aug. 14, 2009) (appointing pension fund with a financial interest equal to just 5% of the loss suffered by the largest movant where court found that largest movant was subject to unique defenses).

### A. Doral Bank Should Not Be Appointed as Lead Plaintiff

#### 1. Doral Bank Does Not Satisfy the Requirements of Rule 23 and Has Not Triggered the PSLRA's "Most Adequate Plaintiff" Presumption

While Doral may claim a larger financial interest in the relief sought by the class, it cannot be appointed as a lead plaintiff because it does not satisfy Rule 23's typicality and adequacy requirements. Indeed, Doral Bank is subject to a variety of adequacy challenges as it has been

508110_1

GREATER PENNSYLVANIA CARPENTERS
PENSION FUND'S MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

- 4 -

embroiled in a subprime mortgage scandal of its own which in turn resulted in federal investigations, private shareholder actions and individual criminal indictments.

Doral was itself alleged to have engaged in mortgage-related abuses similar to what is alleged here. *See, e.g., In re Doral Fin. Corp. Sec. Litig.*, No. 1:05-md-01706, Docket #55 (S.D.N.Y. June 22, 2006) (amended securities fraud complaint for violations of the Securities Exchange Act of 1934 based, in part, on Doral's concealment of losses stemming from the sale of more than $4 billion of fixed rate non-conforming mortgages);[4] *see also* Declaration of Douglas C. McDermott in Support of Greater Pennsylvania Carpenters Pension Fund's Motion for Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("McDermott Decl.") (Docket #30), Ex. C (discussing FBI investigation of Doral for subprime mortgage fraud). According to the complaint in the civil action against Doral, the Company was alleged to have engaged in a massive accounting fraud related to its mortgage loan and securitization practices which caused it to overstate the Company's pre-tax income by more than $920.8 million and understate its debt by more than $3.3 billion. *E.g., Doral*, No. 1:05-md-01706, Docket #55, ¶3.

As a result of misconduct relating to the valuation of its mortgage-related securities and the sale of mortgage loans to third-party financial institutions, Doral was forced to enter into consent orders with the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation and the Commissioner of Financial Institutions of Puerto Rico. *See* O'Mara Decl., Exs. 3-4. Moreover, Doral's treasurer Mario S. Levis, a/k/a "Sammy Levis," was indicted for securities fraud and wire fraud for his role in Doral's dissemination of false and misleading statements concerning mortgage pass-through certificates. *United States v. Levis*, No. S1 08 Cr. 181 (TGP) (S.D.N.Y. Feb. 18, 2010); *see* O'Mara Decl., Exs. 5-6. Mr. Levis' criminal fraud trial is scheduled

---

[4] This civil action was ultimately settled.

508110_1

GREATER PENNSYLVANIA CARPENTERS
PENSION FUND'S MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

- 5 -

to begin on March 22, 2010, in the Courtroom of the Honorable Thomas P. Griesa in the United States District Court for the Southern District of New York.

While there is no bright line rule to determine whether a proposed lead plaintiff should be subject to the type of adequacy challenges which preclude it from serving as a fiduciary for the class, courts have found that movants subject to attack in prior deceptive conduct should not be appointed lead plaintiff. *See*, *e.g.*, *In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022, at *21-*22 (S.D. Cal. Dec. 31, 2003) (refusing to appoint lead plaintiff movant where representative of movant was the subject of numerous complaints to securities regulators); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 504-05 (S.D. Fla. 2002) (rejecting lead plaintiff movant which received two public citations for violations of SEC and NASD rules because of concerns about potential defenses and movant's moral character); *In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1029 (N.D. Cal. 1999) (declining to appoint an institution as lead plaintiff because two of its affiliates were under investigation for fraud).

To be sure, the movant claiming the largest financial stake in the outcome of the case can be appointed lead plaintiff, only "so long as he meets the requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729. District courts in the Ninth Circuit have addressed this very issue, including Judge Jeffrey T. Miller, who in *Surebeam* noted that Sherwin Brown, a principle of lead plaintiff movant Jamerica, had been "subject to over sixty complaints to securities regulators including misrepresentation, unauthorized trading in client accounts, and use of unsuitable investments." 2003 U.S. Dist. LEXIS 25022, at *21. Recognizing that it is "unclear . . . whether these accusations involve Surebeam securities or bear any relation to the present action," the court still found "that Jamerica is incapable of serving as lead plaintiff." *Id*. The *Surebeam* court held that "[w]ithout comment or consideration of Mr. Brown's guilt or innocence as to the underlying charges, this court finds that ***there is at least a potential that Jamerica will be subject to unique defenses and will not fairly and adequately protect the interests of the class***." *Id.*

508110_1

GREATER PENNSYLVANIA CARPENTERS
PENSION FUND'S MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

- 6 -

In *Network Associates*, Judge William Alsup evaluated the propriety of appointing as lead plaintiff a movant who had been the subject of criminal fraud investigations. 76 F. Supp. 2d at 1029. There, the court rejected the movant with the largest financial interest, finding that, even if evidence of the movant's misconduct were excluded at trial, the court was "***unwilling to install an enterprise under such a cloud in a position of trust and confidence***." *Id.*; *see also LaBranche*, 229 F.R.D. at 416 ("[H]onesty and trustworthiness are relevant factors in assessing a candidate's ability to serve as an adequate fiduciary for a class . . . ."); *In re Safeguard Scientifics*, 216 F.R.D. 577, 582 (E.D. Pa. 2003) (denying a motion for class certification because "serious concerns with credibility leave Lead Plaintiff vulnerable to further attacks that would impose an unnecessary disadvantage on the class").

Like the movants rejected in *Surebeam* and *Network Associates*, Doral Bank too is subject to adequacy attacks and cannot satisfy the requirements of Rule 23. Doral and its senior executives have been alleged to have engaged in mortgage-related misconduct, the Company was forced to enter into various consent orders with regulators, and a former senior executive is currently awaiting trial on criminal fraud charges for his role in the misconduct. Like the courts in *Surebeam* and *Network Associates* which refused to appoint as lead plaintiff the movant with the largest financial interest because of potential adequacy defects, this Court too should deny Doral's motion.

### 2. Doral Bank Suffers from Debilitating Conflicts of Interest Which Preclude Its Appointment

Washington Mutual and Doral have employed several of the same senior executives and directors. This subjects Doral to additional unique defenses and creates conflicts which also preclude its appointment as lead plaintiff.[5] For example, Frank W. Baier was a member of Doral's Board of Directors from July 2007 through September 2008, when he left to concentrate on his role

---

[5] Perhaps these defects provide explanation for Doral Bank's failure to comply with the PSLRA's notice requirements, 15 U.S.C. §77z-1(a)(3)(A), and willingness to join the related 2006 action and cede control of this action to the lead plaintiff and its counsel in the 2006 action. O'Mara Decl., Ex. 9.

GREATER PENNSYLVANIA CARPENTERS
PENSION FUND'S MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
(2:09-cv-01557-MJP)                   - 7 -

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

508110_1

as Special Advisor to Washington Mutual's President and Chief Executive Officer. O'Mara Decl., Ex. 7. In May 2009, after spending 2008 in the upper echelon of Washington Mutual's decision making apparatus, Doral's Board of Directors re-appointed Mr. Baier to serve as a Doral director. O'Mara Decl., Ex. 8. Similarly, Doral's treasurer during the relevant period and former CFO (Marangal I. Domingo) is the former Washington Mutual treasurer and served as an executive vice president for finance and strategy for Countrywide's banking subsidiary. *See, e.g.*, McDermott Decl., Ex. D (discussing recruitment of former Washington Mutual and Countrywide treasurer to serve as Doral treasurer).

The class should not be burdened with having a lead plaintiff which has this web of interconnected relationships, the existence of which only further subjects Doral Bank to unique defenses. *See Bally*, 2005 U.S. Dist. LEXIS 6243, at *19 ("the PSLRA . . . provides that we ask simply whether [a movant] is ***likely to be 'subject to'*** [unique defenses] . . . [not that] the defense is likely to succeed"); *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 455-56 (S.D. Tex. 2002) (declining to appoint lead plaintiff whose potential defenses and conflicts ***could*** endanger the interests of the rest of the class); *see also Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990) ("Regardless of whether the issue is framed in terms of the typicality . . . or the adequacy of its representation . . . there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it."). For this additional reason, Doral Bank should not be appointed as lead plaintiff.

### B. Greater Pennsylvania Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

There can be no question that Greater Pennsylvania *prima facie* satisfies the requirements of Rule 23 and is the movant most capable of adequately representing the interests of the class. *See*, *e.g.*, Greater Pennsylvania Carpenters Pension Fund's Motion for Appointment as Lead Plaintiff, and Approval of Selection of Counsel (Docket #29) at §III.A.2.b. Greater Pennsylvania is a sophisticated pension fund overseen by a board of trustees. It has a record of successfully

508110_1
GREATER PENNSYLVANIA CARPENTERS
PENSION FUND'S MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

- 8 -

prosecuting shareholder actions and is accustomed to acting as a fiduciary and directing outside lawyers. *See, e.g.*, McDermott Decl., Ex. B (Certification). Greater Pennsylvania is committed to actively overseeing counsel and vigorously prosecuting this case to a successful conclusion for the benefit of the class. To this end, Greater Pennsylvania has selected and retained competent counsel to represent them and the class. *See* McDermott Decl., Ex. E.

In the end, only Greater Pennsylvania has made the required threshold Rule 23 showing and it alone is the presumptively "most adequate plaintiff." Greater Pennsylvania should be appointed as lead plaintiff.

## III. CONCLUSION

Doral Bank has failed to meet its burden by making a threshold showing of typicality or adequacy. It is subject to unique defenses which prevent it from meeting the PSLRA's Rule 23 adequacy and typicality requirements. Greater Pennsylvania respectfully submits that its motion should be granted, and Doral's competing motion denied.

DATED: March 8, 2010

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
SCOTT H. SAHAM
BRIAN O. O'MARA


s/ BRIAN O. O'MARA
BRIAN O. O'MARA

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

508110_1

GREATER PENNSYLVANIA CARPENTERS
PENSION FUND'S MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

- 9 -

| | |
|---|---|
| 1 | McDERMOTT NEWMAN, PLLC |
| 2 | DOUGLAS C. McDERMOTT |
| 3 | 1001 Fourth Avenue, Suite 3200 |
|   | Seattle, WA 98154 |
| 4 | Telephone: 206/684-9463 |
|   | 206/749-9467 (fax) |
| 5 | [Proposed] Liaison Counsel |

508110_1

GREATER PENNSYLVANIA CARPENTERS
PENSION FUND'S MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND IN
OPPOSITION TO THE COMPETING MOTION
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

- 10 -

# CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 8, 2010.

    s/ BRIAN O. O'MARA
    BRIAN O. O'MARA

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: bomara@csgrr.com

508110_1

GREATER PENNSYLVANIA CARPENTERS PENSION FUND'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO THE COMPETING MOTION
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

## Mailing Information for a Case 2:09-cv-01557-MJP

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com,jregan@ssbb.com

- **Larry Steven Gangnes**
  gangnesl@lanepowell.com,sebringl@lanepowell.com,docketing-sea@lanepowell.com,donnellyjossm@lanepowell.com

- **Christopher M Huck**
  Christopher.huck@dlapiper.com,karen.hansen@dlapiper.com

- **Stellman Keehnel**
  stellman.keehnel@dlapiper.com,patsy.howson@dlapiper.com

- **Paul Joseph Kundtz**
  pkundtz@riddellwilliams.com,mdowns@riddellwilliams.com,mbergquam@riddellwilliams.com

- **Joel P Laitman**
  jlaitman@cohenmilstein.com

- **Christopher E Lometti**
  clometti@cohenmilstein.com

- **John D Lowery**
  jlowery@riddellwilliams.com,dhammonds@riddellwilliams.com

- **Douglas C McDermott**
  doug@mcdermottnewman.com,eric@mcdermottnewman.com

- **Bradley T. Meissner**
  bradley.meissner@dlapiper.com

- **Brian O. O'Mara**
  bomara@csgrr.com

- **Nancy A Pacharzina**
  npacharzina@tousley.com,kzajac@tousley.com

- **Daniel B Rehns**
  drehns@cohenmilstein.com

- **Kenneth M Rehns**
  krehns@cohenmilstein.com

- **Rogelio Omar Riojas**
  omar.riojas@dlapiper.com,nina.marie@dlapiper.com

- **Darren J Robbins**
  e_file_sd@csgrr.com

- **Joshua M. Rubins**
  jrubins@ssbb.com,managingclerk@ssbb.com,jregan@ssbb.com

- **Gavin Williams Skok**
  gskok@riddellwilliams.com,azurofsky@cahill.com,fabrams@cahill.com,dhammonds@riddellwilliams.com,troy@cahill.com

- **Kim D Stephens**
  kstephens@tousley.com,kzajac@tousley.com,cbonifaci@tousley.com

- **Steven J Toll**
  stoll@cohenmilstein.com,efilings@cohenmilstein.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`