THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| DORAL BANK PUERTO RICO, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON MUTUAL ASSET ACCEPTANCE CORPORATION, et al.,<br><br>Defendants. | No. 2:09-cv-01557-MJP<br><br><u>CLASS ACTION</u><br><br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF GREATER PENNSYLVANIA CARPENTERS PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL<br><br>NOTE ON MOTION CALENDAR:<br>March 16, 2010<br><br>HEARING/ORAL ARGUMENT:<br>March 18, 2010 at 10:00 a.m. |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF GREATER PENNSYLVANIA CARPENTERS PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

509894_1

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ...................................................................................1

II. ARGUMENT ................................................................................................................2

    A. Greater Pennsylvania Should Be Appointed Lead Plaintiff ...................................2

    B. Doral Bank Is Inadequate and Should Not Be Appointed as Lead Plaintiff............3

III. CONCLUSION..............................................................................................................6

REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF GREATER PENNSYLVANIA
CARPENTERS PENSION FUND'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

- i -

Proposed Lead Plaintiff Greater Pennsylvania Carpenters Pension Fund ("Greater Pennsylvania") respectfully submits this reply memorandum of law in further support of its motion for appointment as lead plaintiff and approval of its selection of counsel and in response to the opposition memorandum filed by Doral Bank Puerto Rico ("Doral Bank").

## I. PRELIMINARY STATEMENT

On February 22, 2010, two movants filed applications seeking appointment as lead plaintiff, with each movant claiming that it should be appointed as lead plaintiff. Having now had a chance to review all of the competing motions and the oppositions thereto, it is clear that Greater Pennsylvania is the only movant which satisfies Rule 23's typicality and adequacy requirements. As the only movant possessing a significant financial interest *and* otherwise satisfying the requirements of Rule 23, Greater Pennsylvania is the presumptive "most adequate plaintiff" and should be appointed lead plaintiff.

Despite its numerous deficiencies, Doral Bank claims that it should be appointed lead plaintiff. However, to be appointed as lead plaintiff, a movant *must* satisfy the adequacy and typicality requirements of Rule 23.[1] 15 U.S.C. §77z-1(a)(3)(B)(iii)(I). Indeed, the PSLRA "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by the class' satisfies the typicality and adequacy requirements." *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001); *see In re Cable & Wireless, PLC, Sec. Litig.*, 217 F.R.D. 372, 377 (E.D. Va. 2003) ("[A] movant's financial interest is just a beginning point, and courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class."). Here, Doral Bank has been embroiled in allegations of securities fraud related to its own mortgage pass-through securities and has been the target of a federal fraud investigation concerning its subprime mortgage practices. Additionally, a former senior executive was indicted and faces

---

[1] Unless otherwise noted, all emphasis is added and citations are omitted.

509894_1

REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF GREATER PENNSYLVANIA
CARPENTERS PENSION FUND'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

- 1 -

1  charges of securities and wire fraud for his conduct while serving as Doral's treasurer. Doral Bank also suffers from debilitating conflicts by virtue of the current senior Doral insiders who have previously held senior executive positions with Washington Mutual. *See generally* Greater Pennsylvania Carpenters Pension Fund's Memorandum of Law in Further Support of Its Motion for Appointment as Lead Plaintiff and in Opposition to the Competing Motion ("Greater PA Opp.") (Docket #45) at 4-8. These deficiencies render Doral Bank inadequate and "subject to unique defenses." As such, Doral Bank should not be appointed as lead plaintiff.

In the end, Greater Pennsylvania represents the largest financial interest of any movant that otherwise satisfies the requirements of Rule 23, and its motion should be granted. Doral Bank's motion should be denied.

## II. ARGUMENT

### A. Greater Pennsylvania Should Be Appointed Lead Plaintiff

The PSLRA provides that the class member which possesses the largest financial interest of all movants who is otherwise adequate and typical is presumed to be the "most adequate plaintiff." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I). This presumption may be rebutted, however, if another movant can demonstrate that the presumptive lead plaintiff "will not fairly and adequately represent the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II).

Greater Pennsylvania is presumptively the "most adequate plaintiff" in this action. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I). It represents the largest financial interest of all movants which otherwise satisfy the requirements of Rule 23. *See, e.g.*, Greater Pennsylvania Carpenters Pension Fund's Motion for Appointment as Lead Plaintiff, and Approval of Selection of Counsel (Docket #29) at §III.A.2.b. As a sophisticated pension fund overseen by a board of trustees, it is accustomed to acting as a fiduciary and directing outside lawyers. *See, e.g.*, Declaration of Douglas C. McDermott in Support of Greater Pennsylvania Carpenters Pension Fund's Motion for Appointment as Lead

509894_1

REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF GREATER PENNSYLVANIA
CARPENTERS PENSION FUND'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL
(2:09-cv-01557-MJP)                                    - 2 -

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

Plaintiff, and Approval of Selection of Counsel (Docket #30), Ex. B. Greater Pennsylvania is committed to actively overseeing counsel and vigorously prosecuting this action to a successful conclusion for the benefit of the class. *Id*., Exs. B, E.

Doral Bank, the only other movant, has ***not*** rebutted this presumption or otherwise challenged Greater Pennsylvania's adequacy. As such, only Greater Pennsylvania has made the required threshold Rule 23 showing and it alone is the presumptively "most adequate plaintiff." Greater Pennsylvania should be appointed as lead plaintiff.

### B. Doral Bank Is Inadequate and Should Not Be Appointed as Lead Plaintiff

Doral Bank claims that numerous defects identified by Greater Pennsylvania are "without substance."[2] In doing so, Doral Bank does not argue that the facts provided by Greater Pennsylvania are incorrect. Rather, it urges the Court to ignore the weight of these facts and find that the federal fraud investigation, the shareholder suit, the numerous conflicts, and the former executive awaiting a March 29, 2010 criminal trial for his role in misleading Doral shareholders, do not render it inadequate to serve as a fiduciary of the class. *Compare* Greater PA Opp. at §II.A.1, 2 (outlining the numerous deficiencies which plague Doral Bank) *with* Memorandum of Law in Further Support of Appointment of Doral Bank Puerto Rica as Lead Plaintiff and Approval of Its Selection of Lead Counsel and in Opposition to the Competing Motion Submitted by the Greater Pennsylvania Carpenters Pension Fund ("Doral Bank Opp.") (Docket #42) at §II.B (attempting to minimize the gravity of Doral Bank's defects). Doral Bank is wrong.

---

[2] Curiously, while Doral Bank now seeks appointment as lead plaintiff, it was initially content to cede leadership of this action to the lead plaintiff in the action captioned *Boilermakers National Annuity Trust Fund v. WaMu Mortgage Pass Through Certificates, et al.*, 2:09-cv-00037-MJP (W.D. Wash.). This conduct does not bode well for the class which is entitled to vigorous representation. *In re Surebeam Corp. Sec*. *Litig.*, No. 03 CV 1721 JM (POR),2003 U.S. Dist. LEXIS 25022, at *22 (S.D. Cal. Dec. 31, 2003) (refusing to appoint lead plaintiff where "there is at least a ***potential*** that [movant] . . . will not fairly and adequately protect the interests of the class").

509894_1

REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF GREATER PENNSYLVANIA
CARPENTERS PENSION FUND'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

- 3 -

For example, Doral Bank attempts to distinguish the current allegations of mortgage-related misconduct by Washington Mutual from its own mortgage-related misconduct, claiming that the facts in Doral's fraud case were "substantively and materially different." Doral Bank Opp. at 5. The differences between the Doral securities fraud action and the instant action, for purposes of determining Doral Bank's adequacy, are inconsequential. Indeed, that Doral was alleged to have defrauded its own shareholders by manipulating its accounting as it related to its mortgage pass-through securities, while Washington Mutual is alleged to have defrauded the purchasers of its mortgage pass-through certificates, matters little. In the end, both actions center on allegations that Doral and Washington Mutual made materially false and misleading statements in connection with certain mortgage pass-through securities.

Doral Bank's attempt to analogize its deficiencies here to the unsupported rebuttal allegation found to be insufficient in *Schonfield v. Dendreon Corp.*, No. C07-800MJP, 2007 U.S. Dist. LEXIS 76816 (W.D. Wash. Oct. 4, 2007) is misplaced. In *Dendreon*, the only argument raised to rebut Kenneth McGuire's "most adequate plaintiff" presumption was that based on his "background in biotechnology investment and his connections to other biotech companies and individuals who have served on the boards of Dendreon and other unrelated biotechnology enterprises," McGuire was "vulnerable to a defense of insider trading." 2007 U.S. Dist. LEXIS 76816, at \*12. The *Dendreon* court found this "insider trading" allegation insufficient noting that the "fact that he has professional and investment experience in the biotechnology industry is insufficient to raise serious questions about Plaintiff McGuire's typicality or adequacy." *Id.*, at \*13.

Here, Doral Bank's deficiencies are far more egregious than those in *Dendreon*, and exceed even those which existed in *Surebeam*, 2003 U.S. Dist. LEXIS 25022 and *In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1029 (N.D. Cal. 1999). *See* Greater PA Opp. at 6-7. For example, in *Dendreon*, the lead plaintiff was challenged simply because he had experience in the defendants' industry and knew people employed by the defendant. By contrast, Frank W. Baier, a current

509894_1

REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF GREATER PENNSYLVANIA
CARPENTERS PENSION FUND'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL
(2:09-cv-01557-MJP)                                    - 4 -

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

member of Doral's Board of Directors was a senior executive at defendant Washington Mutual in 2008 and served as a Special Advisor to Washington Mutual's President and Chief Executive Officer. Additionally, Doral has been the target of an FBI subprime mortgage fraud investigation and was the target of a private shareholder fraud action related to Doral's concealment of losses stemming from the sale of more than $4 billion of fixed rate non-conforming mortgages. Furthermore, Mario S. Levis, Doral's former treasurer, will stand trial in two weeks on securities and wire fraud charges for his role in Doral's dissemination of false and misleading statements concerning the Company's mortgage pass-through certificates. *United States v. Levis*, No. S1 08 Cr. 181 (TGP) (S.D.N.Y. Feb. 18, 2010); *see* Declaration of Brian O. O'Mara in Support of Greater Pennsylvania Carpenters Pension Fund's Memorandum of Law in Further Support of Its Motion for Appointment as Lead Plaintiff and in Opposition to the Competing Motion (Docket #46), Exs. 5-6.

Doral Bank's deficiencies, far exceeding those alleged in *Dendreon*, render it inadequate and subject to unique defenses. *See, e.g., Surebeam*, 2003 U.S. Dist. LEXIS 25022, at *21-*22 (refusing to appoint lead plaintiff movant where representative of movant was the subject of numerous complaints to securities regulators); *Network Assocs.*, 76 F. Supp. 2d 1017, 1029 (declining to appoint an institution as lead plaintiff because two of its affiliates were under investigation for fraud). *See also In re Bally Total Fitness Sec. Litig.*, No. 04 C 3530, 2005 U.S. Dist. LEXIS 6243, at *19 (N.D. Ill. Mar. 15, 2005) ("the PSLRA . . . provides that we ask simply whether [a movant] is likely to be 'subject to' [unique defenses] . . . [not that] the defense is likely to succeed"). Doral Bank is not entitled to be the presumptive "most adequate plaintiff" and should not be appointed lead plaintiff.

509894_1

REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF GREATER PENNSYLVANIA
CARPENTERS PENSION FUND'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

- 5 -

## III. CONCLUSION

For all the foregoing reasons, Greater Pennsylvania respectfully requests that the Court: (i) appoint it as Lead Plaintiff in this action; (ii) approve its selection of counsel; and (iii) grant such other relief as the Court may deem just and proper.

DATED: March 16, 2010

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
SCOTT H. SAHAM
BRIAN O. O'MARA

s/ BRIAN O. O'MARA
BRIAN O. O'MARA

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

McDERMOTT NEWMAN, PLLC
DOUGLAS C. McDERMOTT
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
Telephone: 206/684-9463
206/749-9467 (fax)

[Proposed] Liaison Counsel

509894_1

REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF GREATER PENNSYLVANIA
CARPENTERS PENSION FUND'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF COUNSEL
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 16, 2010.

      s/ BRIAN O. O'MARA
      BRIAN O. O'MARA

      COUGHLIN STOIA GELLER
         RUDMAN & ROBBINS LLP
      655 West Broadway, Suite 1900
      San Diego, CA 92101
      Telephone: 619/231-1058
      619/231-7423 (fax)
      E-mail: bomara@csgrr.com

509894_1

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF GREATER PENNSYLVANIA CARPENTERS PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
(2:09-cv-01557-MJP)

McDERMOTT NEWMAN, PLLC
1001 Fourth Avenue, Suite 3200, Seattle, WA 98154
Telephone: 206/684-9463 • Fax: 206/749-9467

# Mailing Information for a Case 2:09-cv-01557-MJP

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com,jregan@ssbb.com

- **Larry Steven Gangnes**
  gangnesl@lanepowell.com,sebringl@lanepowell.com,docketing-sea@lanepowell.com,donnellyjossm@lanepowell.com

- **Christopher M Huck**
  Christopher.huck@dlapiper.com,karen.hansen@dlapiper.com

- **Stellman Keehnel**
  stellman.keehnel@dlapiper.com,patsy.howson@dlapiper.com

- **Paul Joseph Kundtz**
  pkundtz@riddellwilliams.com,mdowns@riddellwilliams.com,mbergquam@riddellwilliams.com

- **Joel P Laitman**
  jlaitman@cohenmilstein.com

- **Christopher E Lometti**
  clometti@cohenmilstein.com

- **John D Lowery**
  jlowery@riddellwilliams.com,dhammonds@riddellwilliams.com

- **Douglas C McDermott**
  doug@mcdermottnewman.com,eric@mcdermottnewman.com

- **Bradley T. Meissner**
  bradley.meissner@dlapiper.com

- **Brian O. O'Mara**
  bomara@csgrr.com

- **Nancy A Pacharzina**
  npacharzina@tousley.com,mhottman@tousley.com

- **Daniel B Rehns**
  drehns@cohenmilstein.com

- **Kenneth M Rehns**
  krehns@cohenmilstein.com

- **Rogelio Omar Riojas**
  omar.riojas@dlapiper.com,nina.marie@dlapiper.com

- **Darren J Robbins**
  e_file_sd@csgrr.com

- **Joshua M. Rubins**
  jrubins@ssbb.com,managingclerk@ssbb.com,jregan@ssbb.com

- **Gavin Williams Skok**
  gskok@riddellwilliams.com,azurofsky@cahill.com,fabrams@cahill.com,dhammonds@riddellwilliams.com,troy@cahill.com

- **Kim D Stephens**
  kstephens@tousley.com,kzajac@tousley.com,cbonifaci@tousley.com

- **Steven J Toll**
  stoll@cohenmilstein.com,efilings@cohenmilstein.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`