The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DORAL BANK PUERTO RICO, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL ASSET ACCEPTANCE CORPORATION; DAVID BECK; DIANE NOVAK; THOMAS LEHMANN; STEPHEN FORTUNATO; DONALD WILHELM WAMU CAPITAL CORPORATION; MOODY'S INVESTORS SERVICES, INC.; THE MCGRAW-HILL COPMANIES, INC.; FIRST AMERICAN CORPORATION and FIRST AMERICAN EAPPRAISEIT, LLC,<br><br>Defendants. | **Case No.: C09-1557 (MJP)**<br><br><br><br>**NOTED FOR HEARING:**<br>**March 18, 2010, 10:00 a.m.** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF APPOINTMENT OF DORAL BANK PUERTO RICO AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND IN FURTHER OPPOSITION TO THE COMPETING MOTION SUBMITTED BY THE GREATER PENNSYLVANIA CARPENTERS PENSION FUND**

**No. C09-1557-MJP**

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

# **TABLE OF CONTENTS**

I. Doral Bank, the Presumptive Lead Plaintiff, Has Sufficiently Shown It Meets
   Rule 23's Requirements ................................................................................................ 1

II. PA Carpenters Has Failed to Rebut the Presumption in Favor of Doral
    Bank with Proof of the Any Alleged Inadequacy ...................................................... 2

III. Conclusion .................................................................................................................. 8

REPLY MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL
OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

ii

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Baughman v. Pall Corp.*,
   250 F.R.D. 121 (E.D.N.Y. 2008) ...................................................................................2

*Blackie v. Barrack*,
   524 F.2d 891 (9th Cir. 1975) ..........................................................................................3

*Cortese v. Radian Group Inc., S.A., et al.*,
   No. 07-3773 (MAM), 2008 U.S. Dist. LEXIS 6958 (E.D. Pa. Jan. 30, 2008) ................8

*Ferrari v. Impath, Inc.*,
   No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 20, 2004) ............3, 8

*In re Bally Total Fitness Sec. Litig.*,
   No. 04-cv-3530, 2005 U.S. Dist. LEXIS 6243 (N.D. Ill. Mar. 15, 2005) ......................8

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ..........................................................................................1

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ...................................................................................2, 3, 8

*In re Crayfish Co. Sec. Litig.*,
   2002 U.S. Dist. LEXIS 10134, No. 00 Civ. 6766, 2002 WL 1268013 (S.D.N.Y. June 6, 2002) ..........................................................................................................................1

*In re Doral Fin. Corp. Sec. Litig.*,
   No. 05-MD-01706 (S.D.N.Y. June 22, 2006) ................................................................7

*In re MDC Holdings Sec. Litig.*,
   754 F. Supp. 785 (S.D. Cal. 1990) .................................................................................4

*In re Michaels Stores, Inc. Sec. Litig.*,
   No. 03-cv-246, Slip Op. (N.D. Tex. Oct. 24, 2003) .......................................................5

*In re Network Associates, Inc., Sec. Litig.*,
   76 F. Supp.2d 1017 (N.D. Cal. 1999) ............................................................................8

*In re Surebeam Corp Sec. Litig.*,
   No. 03-cv-1721, 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Dec. 31, 2003) ...................7

*Levie v. Sears, Roebuck & Co.*,
   496 F. Supp. 2d 944 (N.D. Ill. 2007) .............................................................................8

REPLY MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL
OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

iii

*Lipetz v. Wachovia Corp*,
   No. 08-cv-6171, 2008 U.S. Dist. LEXIS 1008279 (S.D.N.Y. Oct. 9, 2008)............................1

*Mohanty v. Bigband Networks, Inc.*,
   No. 07-cv-5101, 2008 U.S. Dist. LEXIS 32764 (N.D. Cal. Feb. 13, 2008) ............................8

*Montoya v. Herley Indus.*,
   No. 06-2596, 2006 U.S. Dist. LEXIS 83343 (E.D. Pa. Nov. 14, 2006) .................................8

*Nelson v. Woods, et al.*,
   No. 07-cv-1807 (MJP) (W.D. Wash. Nov. 7, 2007)................................................................5

*Schonfield v. Dendreon Corp.*,
   2007 U.S. Dist. LEXIS 76816 (W.D. Wash. Oct. 4, 2008) .....................................................2

*Sczesny Trust v. KPMG LLP*,
   223 F.R.D. 319 (S.D.N.Y. 2004) ............................................................................................2

*Sofran v. LaBranche & Co. Inc.*,
   220 F.R.D. 398 (S.D.N.Y. 2004) ............................................................................................3

*Strougo v. Brantley Capital Corp.*,
   243 F.R.D. 100 (S.D.N.Y. 2007) ............................................................................................3

*United States v. Levis*,
   No. S1 08 Cr. 181 (TPG) (S.D.N.Y. Feb. 18, 2010)................................................................7

*Vladimir v. Bioenvision*,
   No. 07-cv-6416, 2007 U.S. Dist. LEXIS 93470 (S.D.N.Y. Dec. 26, 2007) ...........................3

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
   216 F.R.D. 248 (S.D.N.Y. 2003) ............................................................................................1

*Weltz v. Lee,*
   199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................................1

**STATUTES, RULES AND REGULATIONS**

15 U.S.C. 78u-4(a)..............................................................................................................1, 2, 3

REPLY MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL
OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

iv

In accordance with the Court's Minute Order dated March 11, 2010, Plaintiff Doral Bank Puerto Rico ("Doral Bank") respectfully submits this reply memorandum of law in further support of its motion for appointment of Lead Plaintiff and approval of its selection of Lead Counsel, and in further opposition to the competing motion submitted by the Greater Pennsylvania Carpenters Pension Fund (the "PA Carpenters") and their counsel, Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia").

### I. Doral Bank, the Presumptive Lead Plaintiff, Has Sufficiently Shown It Meets Rule 23's Requirements

The PA Carpenters concede that, under the dictates of the Private Securities Litigation Reform Act ("PSLRA"), Doral Bank, as a result of a financial interest that dwarfs that of PA Carpenters, is the presumptive lead plaintiff. *See* PA Carpenters Memorandum of Law in Further Support and in Opposition ("PA Carpenters Opp. Mem.") at 2. *See also* Doral Bank Memorandum of Law in Further Support and in Opposition (Doral Bank Opp. Mem."), at 2; *In re Cavanaugh,* 306 F.3d. 726, 730 (9th Cir. 2002) (the presumptive lead plaintiff is "the one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure); 15 U.S.C. 78u-4(a)(B)(iii)(1).

At this stage of the case, a presumptive lead plaintiff "must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Lipetz v. Wachovia Corp*, No. 08-cv-6171, 2008 U.S. Dist. LEXIS 1008279, *7 (S.D.N.Y. Oct. 9, 2008), *In re Crayfish Co. Sec. Litig.*, 2002 U.S. Dist. LEXIS 10134, No. 00 Civ. 6766, 2002 WL 1268013, at *4 (S.D.N.Y. June 6, 2002); *Weltz v. Lee,* 199 F.R.D. 129, 133 (S.D.N.Y. 2001). In fact, a "wide ranging analysis under Rule 23 is not appropriate [at the lead plaintiff stage of the litigation] and should be left for consideration of a motion for class certification." *Weinberg v. Atlas Air Worldwide Holdings, Inc.,* 216 F.R.D. 248, 252 (S.D.N.Y. 2003). Moreover, "both the

REPLY MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL
OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

1

statutory structure and the legislative history suggest that the court's initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements need not be extensive" and "should be confined to determining whether such movants have stated a *prima facie* case of typicality and adequacy. *In re Cendant Corp. Litig.,* 264 F.3d 201, 264 (3d Cir. 2001). All the presumptive lead plaintiff must do at this stage is demonstrate: (1) its interests are in common with, and not antagonistic to, those of the proposed class; and (2) its counsel are qualified, experienced and generally able to conduct the litigation. *See Schonfield v. Dendreon Corp.,* 2007 U.S. Dist. LEXIS 76816, at *11 (W.D. Wash. Oct. 4, 2008).

Doral Bank has already made the requisite showing time and again. *See* Doral Bank Opp. Mem. at 6; Doral Bank Opp. Mem. at 2-3; *See also* Doral Bank Memorandum of Law in Support (Doral Bank Mem. in Support"), at 8-9. Doral Bank's interests in prosecuting this litigation are identical to those of the other class members wishing to obtain the appropriate relief for Defendants' participation in material misstatements and omissions in connection with the issuance of billions of dollars of mortgage-backed securities sold to the Class. Thus, Doral has more than satisfied its burden at this stage of the litigation.

## II. PA Carpenters Failed to Rebut the Presumption in Favor of Doral Bank with Proof of Any Alleged Inadequacy

As set forth above, in order to rebut the presumption of lead plaintiff under the PSLRA, it is definitively clear that ***evidentiary proof*** of inadequacy must be presented. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ("The presumption described in subclause (I) may be rebutted only upon ***proof*** by a member of the purported plaintiff class…") (emphasis added); *see also*, *Baughman v. Pall Corp.,* 250 F.R.D. 121, *18-19 (E.D.N.Y. 2008); *Schonfield,* 2007 U.S. Dist. LEXIS 76816, at *12-13 (W.D. Pa Oct. 4. 2007); *Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory

REPLY MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL
OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

2

presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the potential lead plaintiff] would be uniquely subject"); *Vladimir v. Bioenvision*, No. 07-cv-6416, 2007 U.S. Dist. LEXIS 93470 (S.D.N.Y. Dec. 26, 2007); *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007) ("Speculation and conjecture from one interested party is not enough to prove a nefarious collaboration."); *Sofran v. LaBranche & Co. Inc.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere speculation). A competing movants' conjecture and exaggerated factual allegations are insufficient to rebut the presumption in favor of Doral as the most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Ferrari v. Impath, Inc.*, No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at *6 (S.D.N.Y. July 20, 2004) ("innuendo and inferences" are insufficient to rebut presumption). Thus, the question is not "whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead the question is whether anyone can *prove* that the presumptive lead plaintiff will not do a 'fair and adequate' job." *In re Cendant,* 264 F.3d at 268 (refusing to overturn the presumption based on unsupported allegations that lead counsel had been retained through "pay-to-play" practices).

Initially, PA Carpenters seek to disqualify Doral Bank as the presumptive lead plaintiff on the basis that Doral Bank is an "insider in the subprime mortgage and securitization markets." PA Carpenters Opp. Mem. at 2. However, to insinuate that a presumptive lead plaintiff's experience or expertise in an area of finance is sufficient grounds for disqualification is similar to the failed attempts of pre-PSLRA defendants to disqualify sophisticated lead plaintiffs as atypical. *See Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) ("differences in sophistication, etc., among purchasers have no bearing in the impersonal market fraud context");

REPLY MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL
OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

3

*In re MDC Holdings Sec. Litig.*, 754 F. Supp. 785, 802 (S.D. Cal. 1990) (rejecting argument that simply because of its status as a sophisticated investor the proposed lead plaintiff was atypical of the class and subject to unique defenses).

Next, PA Carpenters label Frank W. Baier ("Baier") as a former Doral Corp. Director who was also a Washington Mutual "insider," leaving Doral Bank in 2008 to "concentrate on his role as Special Advisor to Washington Mutual's President and Chief Executive Officer" and spending "2008 in the upper echelon of Washington Mutual's decision making apparatus." See PA Carpenters Opp. Mem. at 3, 8. These facts, as represented to the Court by counsel for PA Carpenters, could not be further from the truth.[1]

PA Carpenters' offer of "proof" for the veracity of these statements is Doral Corp.'s September 12, 2008 and May 18, 2009 Forms 8-K filed with the SEC which, contrary to PA Carpenters' argument, show that:

> On September 12, 2008, Frank W. Baier resigned from the Board of Directors of Doral Financial Corporation in order to serve as Special Advisor to the newly appointed Chief Executive Officer of Washington Mutual, Inc., ***and where he remained for a period of less than one month;*** and
>
> On May 13, 2009, Frank W. Baier was reappointed to Doral Corp's Board of Directors.

See O'Mara Decl. Exs. 7 and 8 (emphasis added).

Thus, PA Carpenters attempt to "spin" Mr. Baier's 22-day stint at Washington Mutual, Inc. during the bank's last ditch attempts to recover from a downward spiral that ultimately resulted in the company's bankruptcy as a debilitating conflict. Furthermore, this 22-day period occurred *after* Washington Mutual's devastating losses and potential failure was disclosed to the

---

[1] Specifically, the PA Carpenters' implication that Baier spent an entire year in "Washington Mutual's decision making apparatus" is misleading and plainly false. Doral Corp.'s own Forms 8-K, O'Mara Decl. Exs. 7-8, make clear that Baier did not "spend 2008" at Washington Mutual, but instead spent less than one month there.

REPLY MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL
OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

4

public, and occurred as the bank was about to be seized by the U.S. Office of Thrift Supervision in September 2008.[2]

Further compounding their already inaccurate factual assertions, the PA Carpenters assert that "[a]s a former Washington Mutual insider, Mr. Baier is likely to have had access to insider information as well as confidential and/or proprietary information" which purportedly disqualifies Doral as lead plaintiff. The PA Carpenters ask the Court to make an illogical leap with this allegation. They offer no proof that Baier was privy to any relevant information deriving from his 22 days advising the new CEO more than one year after the last mortgage-backed security offering that is the subject of this suit was issued. Moreover, the PA Carpenters also offer wholly inapplicable case law in support. In *In re Michaels Stores, Inc. Sec. Litig.*, No. 03-cv-246, Slip Op. (N.D. Tex. Oct. 24, 2003), the lead plaintiff movant, himself a former employee of the defendant ***proven*** to have access to non-public information was found inadequate to serve as lead plaintiff. However, the rationale of Michaels is stretched impossibly thin when PA Carpenters suggest that an employee of a movant, in this case a $10 billion-asset financial institution, and not the movant itself, could in effect disqualify an entire organization because of his previous and largely irrelevant employment history and absent any indication he had access to relevant and timely insider information.

Next, PA Carpenters attack Doral Bank's adequacy based on the purported fact that Marangal I. Domingo ("Domingo") is currently serving as the Bank's treasurer. PA Carpenters Opp. Mem. at 3. As "proof" that Domingo's position makes Doral Bank inadequate, PA

---

[2] In fact, the first mortgage-backed securities case against Washington Mutual, filed on August 4, 2008, was already several weeks before Baier left Doral Bank to assist Washington Mutual's newly appointed CEO through the final stages of the bank's life. *See New Orleans Employees' Retirement System and MARTA/ATU Local 732 Employees Retirement Plan v. Washington Mutual bank, et al.*, Case No. 08-2-26210-3 SEA (Sup Ct. Wa. King Co. Aug. 4, 2008).

REPLY MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL
OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

5

Carpenters cite a September 11, 2006 SourceMedia news article describing Domingo as a former Executive Vice President for Finance and Strategy for Countrywide's banking subsidiary who worked at Washington Mutual, Inc. during the late 1990's through January 2004. As shown below, PA Carpenters' claim again amounts to nothing more than erroneous accusations and insinuations devoid of any proof.

First, Domingo's time at Washington Mutual pre-dated the origination of the loans underlying the securities at issue in this action as well as the related *Boilermakers National Annuity Trust Fund v. WaMu Mortgage Pass-Through Certificates, Series 2006-AR1, et al.,* No. 09-cv-0037 (MJP) (W.D. Wa) (the "Boilermakers Action"). In fact, virtually all of the loans involved in these two actions were originated in 2006 and 2007, long after Domingo's involvement with Washington Mutual ended. *See generally*, WaMu Mortgage Pass-Through Certificates, Series 2007-OA5, Form 424B5 Prospectus Supplement, May 22, 2007, at s-126 (stating that the year of initial monthly payments was 2006 and 2007).[3] In addition, Domingo left Doral in March 2009. *See* Barangaro Decl. in Further Support and in Opposition, dated March 8, 2010 ("Barangaro Decl."), at 4. Thus, he is not Doral Bank's "current treasurer" as the PA Carpenters contend.

PA Carpenters' next claim Doral is inadequate because its former treasurer, Mario S. Levis' ("Levis"), was indicted for securities and wire fraud that was allegedly committed during 2002 and 2005. The PA Carpenters describe Mr. Levis' wrongdoing as "Doral's dissemination of false and misleading statements concerning ***mortgage pass-through certificates***." See O'Mara

---

[3] The relevant pages of the WaMu Mortgage Pass-Through Certificates, Series 2007-OA5 Prospectus Supplement are attached as Exhibit ("Ex.") A to the Declaration of Steven J. Toll in Further Support and in Opposition ("Toll Decl."), dated March 16, 2010. Counsel has reviewed the prospectus supplements for each of the certificate offerings and can confirm that each of the prospectus supplements make virtually the same representation.

REPLY MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL
OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

6

Decl. Exs. 5-6 (emphasis added). Once again, there are numerous holes in the PA Carpenters' attacks.

First, at no point in the 32-page indictment, annexed as Exhibit 5 to the O'Mara Decl., does the term "mortgage pass-through certificates" or any equivalent even appear. *See* O'Mara Decl., Ex. 5. That is because the indictment, as well as *In re Doral Fin. Corp. Sec. Litig.*, No. 05-MD-01706 (S.D.N.Y. June 22, 2006), cited by PA Carpenters as "proof" that Doral Bank "engaged in mortgage-related abuses similar to what is alleged [in the instant action]," in no way dealt with mortgage loan securitizations similar to those at issue herein. As previously stated in Doral's Opposition Mem., *United States v. Levis*, No. S1 08 Cr. 181 (TPG) (S.D.N.Y. Feb. 18, 2010) and *In re Doral* both concerned alleged GAAP violations by Doral Corp. related to its recording of interest to be paid on mortgages sold by the company – known as an interest-only strips ("IO Strips") – as a gain on the sale of the mortgages. PA Carpenters' use of terms like "mortgage-related" and "securitization practices" cannot transform those matters into anything relevant to the current action. *See* PA Carpenters Response Mem. at 5. The current action concerns alleged misstatements and omissions related to underwriting guidelines in the creation of mortgage-backed securities by WaMu in violation of Sections 11, 12 and 15 of the Securities Act of 1933, and has nothing to do with the proper accounting methods for recording interest income. As already stated above, no amount of baseless insinuations or misleading accusations can transform entirely irrelevant issues into "proof" of inadequacy.

The cases upon which the PA Carpenters rely are equally inapposite. For example, in *In re Surebeam Corp Sec. Litig.*, No. 03-cv-1721, 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Dec. 31, 2003), one of an aggregated group of four individual plaintiffs was found to be inadequate because the President and principal representative was subject to over sixty *current* complaints to

REPLY MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL
OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

7

securities regulators." *Surebeam*, 2003 Dist. LEXIS 25022, at *22. Unlike *Surebeam*, Doral Bank is not the subject of any current complaints or investigations.[4] In *In re Bally Total Fitness Sec. Litig.*, No. 04-cv-3530, 2005 U.S. Dist. LEXIS 6243, *19 (N.D. Ill. Mar. 15, 2005), the court rejected the presumptive lead plaintiff when competing movants offered documentary proof that the presumptive lead plaintiff, as an "in-and-out trader" who purchased and sold all of its stock during the class period long before the alleged fraud was revealed would not be able to prove loss causation. *In re Bally*, 2005 U.S. Dist. LEXIS 6243, at *17-18. In holding the presumptive lead plaintiff to be inadequate, the Court found that, not only was the issue of loss causation vital to any securities action under the PSLRA, but also that the defendant had submitted a brief in response to lead plaintiff motions stating its intention to assert such a defense. *Id.* at *18. Unlike *In re Bally*, PA Carpenters here have not identified any defense resulting from these purported conflicts, that would be unique to Doral Bank. Instead, as stated above, it only alleges non-existent conflicts unsupported by any evidentiary proof and not tied to any actual, or relevant issue that could cause a conflict.[5]

---

[4] For the same reasons, the PA Carpenters reliance on *In re Network Associates, Inc., Sec. Litig.*, 76 F. Supp.2d 1017 (N.D. Cal. 1999) is similarly inapplicable. In *Network Associates*, the presumptive lead plaintiff was, at the time of their motion, under investigation for criminal fraud. This is simply not the case with Doral Bank, who no-longer employs any of the individuals who were at anytime involved with any alleged wrongdoing. *See also, Levie v. Sears, Roebuck & Co.*, 496 F. Supp. 2d 944, 951 (N.D. Ill. 2007) (allowing appointment of a lead plaintiff who had been sanctioned by the National Association of Securities Dealers); *Montoya v. Herley Indus.*, No. 06-2596, 2006 U.S. Dist. LEXIS 83343, at *2 (E.D. Pa. Nov. 14, 2006) (allowing the appointment of a lead plaintiff who had settled fraud charges with the SEC),

[5] Courts have soundly rejected lead plaintiff challenges based upon innuendo and supposition. *In re Cendant,* 264 F.3d at 268 (rejecting lead plaintiff challenge based on unsupported accusations that the presumptive lead plaintiff and proposed lead counsel had engaged in pay-for-play practices); *Mohanty v. Bigband Networks, Inc.,* No. 07-cv-5101, 2008 U.S. Dist. LEXIS 32764, *21-22 (N.D. Cal. Feb. 13, 2008) (rejected lead plaintiff challenge against a foreign entity based on unsupported assertions that the foreign government might not enforce a U.S. judgment); *Ferrari*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *6 (rejecting lead plaintiff challenge based on baseless insinuations of conflicts and self-dealing by directors of the presumptive lead plaintiff)

REPLY MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL
OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

8

### III. Conclusion

Doral Bank, as the presumptive lead plaintiff with the largest financial interest, has sufficiently shown its claims are typical of those of the Class and it is adequate to represent the class. PA Carpenters has failed to present any proof rebutting this presumption, instead choosing to fill the void with bald assertions and unreasonable insinuations that do not demonstrate otherwise. Therefore, for the reasons stated above and in their memoranda of law in support of their motion to appoint lead plaintiff, Doral Bank respectfully submits that the Court should reject the competing motion by the PA Carpenters and enter the previously submitted Proposed Order appointing Doral Bank as Lead Plaintiff and approving the Bank's choice of counsel, Cohen Milstein, as Lead Counsel in the Action.

**DATED**: March 16, 2010

Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

/s/ Christopher Lometti
Christopher Lometti (*pro hac vice*)
Joel P. Laitman (*pro hac vice*)
Daniel B. Rehns (*pro hac vice*)
Kenneth M. Rehns
150 East 52nd Street, 30th Floor
New York, NY 10022
Tel: 212-838-7797
Fax: 212-838-7745
*clometti@cohenmilstein.com*
*jlaitman@cohenmilstein.com*
*drehns@cohenmilstein.com*
*krehns@cohenmilstein.com*

Steven J. Toll
Julie Reiser, WSBA #27485
1100 New York Ave, N.W.
Suite 500 West
Washington D.C. 20005

REPLY MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL
OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

9

| | |
|---|---|
| 1 | Tel: 202-408-4600<br>Fax: 202-408-4699 |
| 2 | *stoll@cohenmilstein.com*<br>*jreisner@cohenmilstein.com* |
| 3 | |
| 4 | *Proposed Lead Counsel* |
| 5 | **TOUSLEY BRAIN STEPHENS PLLC** |
| 6 | /s/ Nancy A. Pacharzina |
| 7 | Kim D. Stephens, WSBA #11984<br>Nancy A. Pacharzina, WSBA #25946 |
| 8 | 1700 Seventh Avenue, Suite 2200<br>Seattle, WA 98101-4416 |
| 9 | Tel: 206-682-5600<br>Fax: 206-682-2992 |
| 10 | *kstephens@tousley.com*<br>*npacharzina@tousley.com* |
| 11 | |
| 12 | *Proposed Liaison Counsel* |

REPLY MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL
OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

# CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the registered users of the CM/ECF system for this case.

   /s/ Nancy A. Pacharzina,
Kim D. Stephens, P.S., WSBA #11984
Email: kstephens@tousley.com
Nancy A. Pacharzina, WSBA # 25946
Email: npacharzina@tousley.com
*Counsel for Plaintiffs*
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tele: 206.682.5600
Fax: 206.682.2992

REPLY MEMO OF LAW IFSO APPOINT. OF LEAD PLTF. & APPROVAL OF LEAD COUNSEL & IN OPP. TO COMPETING MOTION
**No. C09-1557-MJP**

11