The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DORAL BANK PUERTO RICO, et al.,

    Plaintiffs,

v.

WAMU ASSET ACCEPTANCE CORP., et al.,

    Defendants.

Case No. C09-1557MJP

**ORDER ON MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**

This matter comes before the Court on motions from Plaintiff Doral Bank Puerto Rico ("Doral") and Plaintiff Greater Pennsylvania Carpenters Pension Fund ("GPCP") for appointment as lead plaintiff and approval of selection of counsel. (Dkt. Nos. 27, 29.) The Court has reviewed the motions, the responses (Dkt. Nos. 42, 45), the replies (Dkt. Nos. 48, 49), and the parties' presentations to the Court at oral argument on March 18, 2010. For the reasons set forth below, the Court GRANTS Doral's motion for appointment as lead Plaintiff and approves its selection of Cohen Milstein Sellers & Toll ("Cohen Milstein") as lead counsel and Tousley Brain Stephens PLLC ("Tousley") as local counsel.

## Background

Plaintiffs are purchasers of WaMu Mortgage Pass-Through Certificates, issued pursuant a Registration Statement filed by the WaMu Asset Acceptance Corporation with the SEC in March 2006. The Statement was supplemented on April 9, 2007 and plaintiffs purchased certificates in 13 public offerings between April 23, 2007 and June 26, 2007. Plaintiffs allege violations of the Securities Act and violations of Washington State law. (See Dkt. No. 18.) As required by the PSLRA, Doral published notice of this action on December 24, 2009. (Lometti Decl., Ex. A.)

Plaintiff Doral Bank purchased $421,753,412.00 in WaMu Pass-Through Certificates at issue in the Complaint. (Lometti Decl., Ex. B (Schedule A).) Plaintiff GPCP, by contrast, invested approximately $450,000.00 in certificates during the proposed class period. (McDermott Decl., Ex. B (Schedule A).) GPCP submits that, despite the massive difference in financial stake, Doral should not be appointed as lead plaintiff because it is subject to unique factual defenses.

In essence, GPCP argues Doral has been embroiled in the same type of manipulation of mortgage-backed securities at issue in this matter. First, GPCP points to allegations in leveled against Doral in a securities suit. (Dkt. No. 45 at 7 citing No. 01-md-01706, Dkt. No. 55 (S.D.N.Y. June 22, 2006).) Doral's former treasurer, Mario "Sammy" Levis, is set to stand trial for criminal securities fraud for his role in disseminating false and misleading statements. (Dkt. No. 45 at 7.) Second, GPCP argues Doral ought not to serve as lead plaintiff because several of its employees have a history with WaMu. In particular, they point to Frank Baier, an executive who left Doral for a month to serve as an advisor to WaMu's CEO before returning to Doral's board. Doral points out that Baier's 22 day stay at WaMu occurred more than a year after the alleged fraud at issue in this case. GPCP also takes issue with Marangal Domingo, who worked for WaMu and Countrywide before joining Doral as treasurer. (McDermott Decl., Ex. D.)

**Discussion**

Under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, *et seq.*, the Court must appoint the "most capable" plaintiff as lead plaintiff for a putative class. 15 U.S.C. § 78u-4(B)(i)-(iii) (also referring to the "most adequate" plaintiff). The "most capable" plaintiff is presumptively the one "who has the greatest financial stake in the outcome of the case" while also satisfying the requirements of Fed. R. Civ. P. 23. In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. §§ 78-4u(B)(iii)(I)(aa)-(cc). There is a three step process for identifying the lead plaintiff under the PSLRA. First, the plaintiff who filed the action must publish notice to alter other potential plaintiffs of the pendency of the action. Cavanaugh, 306 F.3d at 729. Second, the court must "compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." Id. If the plaintiff with the largest financial stake also satisfies the requirements of Rule 23(a), he is the presumptive most adequate plaintiff. Id. at 730. At this stage, the court relies only on the complaint and plaintiff's sworn certification. Third, other plaintiffs must have the opportunity to rebut the presumptive plaintiff's "showing that it satisfies Rule 23's typicality and adequacy requirements." Id.; see also 15 U.S.C. § 78u-4(B)(iii)(II). In making this determination, other plaintiffs may present evidence that calls into question the presumptive plaintiff's prima facie showing. The most adequate plaintiff may, subject to Court approval, select lead class counsel. 15 U.S.C. § 78u-4(B)(v).

GPCP confuses what the Court may consider at the second and third steps. GPCP repeatedly asserts that Doral cannot be the presumptive Plaintiff because of the factual issues it raises with respect to its prior involvement in mortgage fraud. (See Dkt. No. 48 at 5.) But as the Ninth Circuit made clear in Cavanaugh, once the Court identifies the plaintiff who stands to gain the most from the lawsuit, "[i]t must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations," whether the plaintiff

is appropriate under Rule 23(a). 306 F.3d at 730 (emphasis in original). On the face of its certification, Doral has made a prima facie showing it is the most adequate plaintiff. Thus, the question before the Court is whether GPCP has presented evidence that would rebut the presumption.

Rule 23(a) requires (1) numerosity, (2) commonality, (3) typicality and (4) adequacy of representation. Fed. R. Civ. P. 23(a). In the context of motions for appointment, parties generally limit the inquiry to typicality and adequacy of representation. In analyzing typicality, the Court focuses on the injury: a representative's claim is typical if the "injury allegedly suffered by the named plaintiffs and the rest of the class resulted from the same allegedly" illegal practice. Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1184 (9th Cir. 2007). In examining a representative's adequacy, the Court's focus necessarily shifts to the party asserting the claim. The Court inquires whether (1) "named plaintiffs and their counsel have any conflicts of interests with other class members" and (2) "named plaintiffs and their counsel [can] prosecute the action vigorously on behalf of the class." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998).

Though GPCP asserts Doral is neither typical nor adequate, its argument focuses solely on the adequacy requirement of Rule 23(a). (Dkt. No. 45 at 6.) GPCP relies primarily on two cases, Surebeam and Bally Total Fitness, but neither is on point with the facts of this case. In Bally Total Fitness, a court declined to appoint a lead plaintiff who sold the securities at issue in a putative PSLRA class action before the fraud became public. In re Bally Total Fitness Sec. Litig., No. 04-C-3530, 2005 U.S. Dist. LEXIS 6243, *19-20 (N.D. Ill. Mar. 15, 2005). Even though the plaintiff had made the initial showing required by the PSLRA, the court was concerned that it "is likely to be 'subject to' the unique defense regarding loss causation." Id. at *19 (citation omitted). Unlike the challenging plaintiffs in Bally, GPCP has not identified any specific defense that may arise as a result of Doral's prior alleged malfeasance. (Dkt. No. 49 at

12.) Despite an invitation by the Court to describe the specific defenses at issue, GPCP did not identify any at oral argument. Simply asserting that Doral is a bad actor in the universe of securities transactions is not enough to actually indicate any specific defense may apply. Unlike the potential loss causation defense in Bally Total Fitness that went to an element of plaintiffs' claims, there is no indication in the record Doral may be subject to a defense on any of the claims advanced in the complaint.

In Surebeam, the court declined to appoint a lead plaintiff group that included an executive who was, at that time, subject to "over sixty complaints to securities regulators including misrepresentation, unauthorized trading in client accounts, and use of unsuitable investments." In re Surebeam Corp. Sec. Litig., No. 03-cv-1721, 2003 U.S. Dist LEXIS 25022, at *21-22 (S.D. Cal. Jan. 5, 2004). The court reasoned that the allegations implicated the individual's ability to serve as a fiduciary. Id. (citations omitted). None of Doral's purported deficiencies rise to the level observed in Surebeam. First, the private securities lawsuit against Doral arose out of alleged misstatements related to its recognition of interest paid on mortgages. (Dkt. No. 45 at 7.) Such allegations are very different from those in this matter, which arise out of supposed misstatements regarding underwriting guidelines in the creation of mortgage-backed securities. (Dkt. No. 49 at 11.) Second, Mr. Levis' indictment for fraud relates to activities at Doral from 2002 to 2005, long before the alleged fraud at issue in this case. Third, Mr. Domingo, who is no longer at Doral, worked at WaMu until 2004. His service thus ended two years before the securities at issue were brought to market. Last, Mr. Baier joined WaMu from Doral over a year after the alleged fraud in this case. GPCP has not identified any knowledge Baier gained during his 22 days at WaMu that would implicate the company's ability to serve as a fiduciary. The facts of this case are distinguishable from Surebeam because GPCP cannot point to any current investigation or concern that would give rise to any unique defense.

In the absence of any specifically identified defense that may arise, Doral has fulfilled the requirements of the PSLRA and Cavanaugh. GPCP has not put forth evidence that would call into question Doral's typicality or adequacy. The Court therefore appoints Doral as lead plaintiff in this matter. Upon review of the firm resume submitted by Doral in support of Cohen Milstein, the Court approves its selection of class counsel. (Lometti Decl., Ex. C.)

## Conclusion

The Court GRANTS Doral's motion for appointment as lead plaintiff and selection of lead plaintiff's counsel and local counsel. (Dkt. No. 27.) The Court DENIES the Greater Pennsylvania Carpenters Pension Fund's motion for appointment. (Dkt. No. 29.) As in the Boilermakers Action (C09-0037MJP), Kim Stephens of Tousley Brain Stephens PLLC and John Pernick of Bingham McCutchen LLP shall serve as liaison counsel for Plaintiffs and Defendants, respectively. The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this 24th day of March, 2010.

Marsha J. Pechman
United States District Judge